## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW WHITFIELD, | : | |
| | : | Case No. _____ |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | **COMPLAINT FOR VIOLATION OF THE** |
| COLUMBIA PROPERTY TRUST, INC., | : | **SECURITIES EXCHANGE ACT OF 1934** |
| CONSTANCE B. MOORE, CARMEN M. | : | |
| BOWSER, JOHN L. DIXON, DAVID B. | : | |
| HENRY, MURRAY J. MCCABE, E. | : | |
| NELSON MILLS, MICHAEL S. ROBB, | : | |
| THOMAS G. WATTLES, and FINN | : | |
| WENTWORTH, | : | |
| | : | |
| Defendants. | : | |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

### NATURE OF ACTION

1.      On September 7, 2021, Columbia Property Trust, Inc. ("Columbia" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Columbia Property Trust Operating Partnership, LP, Panther Merger Parent, Inc., and Panther Merger Sub, LLC (the "Proposed Merger").

2.      Under the terms of the Merger Agreement, Columbia's stockholders will receive $19.30 in cash per share.

3.      On October 26, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4.      As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8.      Plaintiff is and has been continuously throughout all relevant times the owner of Columbia common stock.

9.      Defendant Columbia is a Maryland corporation. Columbia's common stock is traded on the New York Stock Exchange under the ticker symbol "CXP."

10.      Defendant Constance B. Moore is Chairman of the Board of Directors of Columbia (the "Board").

11.      Defendant Carmen M. Bowser is a member of the Board.

12.      Defendant John L. Dixon is a member of the Board.

13.      Defendant David B. Henry is a member of the Board.

2

14.     Defendant Murray McCabe is a member of the Board.

15.     Defendant E. Nelson Mills is a member of the Board.

16.     Defendant Michael S. Robb is a member of the Board.

17.     Defendant Thomas G. Wattles is a member of the Board.

18.     Defendant Finn Wentworth is a member of the Board.

19.     Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

20.     Columbia creates value through owning, operating, and developing properties for companies in New York, San Francisco, Washington D.C., and Boston.

21.     On September 7, 2021, Columbia entered into the Merger Agreement.

22.     The press release announcing the Proposed Merger provides as follows:

Columbia Property Trust, Inc. (NYSE: CXP) today announced that it has entered into a definitive agreement to be acquired by funds managed by Pacific Investment Management Company LLC (collectively, "PIMCO"), one of the world's premier global investment management firms, for $3.9 billion including Columbia's proportionate share of consolidated and unconsolidated debt. Under the terms of the agreement, which has been unanimously approved by Columbia's Board of Directors, PIMCO will acquire all of the outstanding shares of Columbia common stock for $19.30 per share in cash. This represents a premium of approximately 27% over Columbia's unaffected closing share price on Friday, March 12, 2021. During this time period the high barrier office sector has traded down 5%.[1]

This transaction with PIMCO is the culmination of a comprehensive strategic review process undertaken by Columbia's Board of Directors which was publicly announced in the spring of this year. As part of this process, Columbia's Board and advisors invited nearly 90 potential counterparties to participate, including strategic acquirers, private equity firms and other investment management firms.

Constance Moore, Chair of the Columbia Board of Directors, said, "The Board of Directors is pleased to have reached this definitive agreement with PIMCO. This transaction provides Columbia shareholders with immediate and certain cash value at a significant premium to the Company's public market valuation, and we are confident it represents the best outcome for all Columbia shareholders."

Nelson Mills, President and Chief Executive Officer of Columbia, said, "Today's announcement represents the result of a comprehensive strategic review process and demonstrates the value and stability of Columbia's portfolio, the resiliency of our platform, and the capabilities of our team."

"We continue to believe that high-quality office buildings in major U.S. cities offer long-term value for our clients and Columbia has assembled a modernized, well-located portfolio of assets that we expect will perform well in the years ahead," said John Murray, PIMCO Global Head of Private Commercial Real Estate.

Francois Trausch, PIMCO Managing Director and Chief Executive Officer of Allianz Real Estate, added: "This is an exciting transaction and a great example of the strength of relationships within PIMCO's global real estate platform."

The transaction is expected to close as early as year-end, subject to approval by Columbia's shareholders and the satisfaction of other customary closing conditions. Upon completion of the transaction, Columbia's common stock will no longer be listed on the New York Stock Exchange.

Columbia shareholders will be entitled to receive the previously announced third quarter dividend of $0.21 per share payable on September 15, 2021. Thereafter, Columbia will not pay additional quarterly dividends during the pendency of the transaction.

Due to the pending acquisition, Columbia will not be holding a conference call for its third quarter 2021 business results after it releases earnings information.

Morgan Stanley & Co. LLC is serving as lead financial advisor to Columbia and Wachtell, Lipton, Rosen & Katz is serving as legal advisor. Eastdil Secured LLC and J.P. Morgan are also acting as financial advisors to Columbia.

Goldman Sachs & Co. LLC is serving as lead financial advisor to PIMCO and Latham & Watkins LLP and Milbank LLP are serving as legal advisors. Deutsche Bank Securities Inc. is also acting as a financial advisor to PIMCO. Cushman & Wakefield is acting as a real estate consultant to PIMCO.

23.     On October 26, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

24.     The Proxy fails to disclose material information regarding Columbia's financial projections, specifically: the line items underlying the financial projections.

4

25.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

<u>Financial Analyses</u>

26.     The Proxy fails to disclose material information regarding the financial analyses conducted by Morgan Stanley & Co. LLC ("Morgan Stanley").  When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

27.     Regarding Morgan Stanley's Research Analyst Price Targets and NAV Targets Analysis, the Proxy fails to disclose: (i) the price targets and estimates observed by Morgan Stanley in the analysis; and (ii) the sources of the price targets and estimates.

28.     Regarding Morgan Stanley's Comparable Public Companies Analysis, the Proxy fails to disclose the individual multiples for the companies observed by Morgan Stanley in the analysis.

29.     Regarding Morgan Stanley's Net Asset Value Analysis, the Proxy fails to disclose: (i) the estimated value of Columbia's cash, investment management and asset management platform, and other tangible assets used by Morgan Stanley in the analysis; (ii) the debt and other liabilities from the aggregate value of Columbia's assets used by Morgan Stanley in the analysis; (iii) the estimated costs required to consummate the mergers used by Morgan Stanley in the analysis; and (iv) the number of fully diluted shares of common stock outstanding used by Morgan Stanley in the analysis.

30.     Regarding Morgan Stanley's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values used by Morgan Stanley in the analysis; (ii) the inputs and assumptions underlying the discount rates and exit capitalization rates used by Morgan Stanley in the analysis; (iii) the outstanding debt, non-controlling interests, and cash used by Morgan Stanley in the analysis; and (iv) the number of fully diluted shares of common stock used by Morgan Stanley in the analysis.

31.     Regarding Morgan Stanley's Premiums Paid Analysis, the Proxy fails to disclose the individual premiums paid in the transactions observed by Morgan Stanley in the analysis.

32.     Regarding Morgan Stanley's Private Buyer Analysis, the Proxy fails to disclose: (i) the net operating income used by Morgan Stanley in the analysis; and (ii) the inputs and assumptions underlying the market capitalization rates used by Morgan Stanley in the analysis.

<u>Banker Engagement</u>

33.     The Proxy fails to disclose the timing and details of the prior services Morgan Stanley conducted for the parties to the Merger Agreement and/or their affiliates.

## COUNT I

**Claim Against the Individual Defendants and Columbia for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

34.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

35.     The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

36.     Columbia is liable as the issuer of these statements.

37.     The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

38.     The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

39.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

40.     A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

41.     The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

42.     Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

43.     Plaintiff is threatened with irreparable harm.

**COUNT II**

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

44.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

45.     The Individual Defendants acted as controlling persons of Columbia within the meaning of Section 20(a) of the Exchange Act as alleged herein.

46.     Due to their positions as officers and/or directors of Columbia and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control,

directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

49.     The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Proxy.

50.     Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

51.     The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

52.     These defendants are liable pursuant to Section 20(a) of the Exchange Act.

53.     Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.      In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Dated:  November 12, 2021                     **GRABAR LAW OFFICE**

                                               By: _____
                                               Joshua H. Grabar (#82525)
                                               One Liberty Place
                                               1650 Market Street, Suite 3600
                                               Philadelphia, PA 19103
                                               267-507-6085
                                               jgrabar@grabarlaw.com

                                               *Counsel for Plaintiff*